Edwin Abraham QUINTANILLA–
ZELAYA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–71130.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2011.*

July 19, 2011.

Edwin Abraham Quintanilla–Zelaya, Los
Angeles, CA, pro se.

Chief Counsel ICE, Office of the Chief
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, OIL, Aimee J.
Frederickson, Trial, DOJ–U.S. Depart-
ment of Justice, Washington, DC, for Re-
spondent.

Before: SCHROEDER, ALARCÓN,
and LEAVY, Circuit Judges.

MEMORANDUM **

Edwin Abraham Quintanilla–Zelaya, a
native and citizen of El Salvador, petitions
pro se for review of the Board of Immigra-
tion Appeals' ("BIA") order dismissing his
appeal from an immigration judge's ("IJ")
decision denying his application for asy-
lum, withholding of removal, and protec-
tion under the Convention Against Torture

("CAT"). We have jurisdiction under 8
U.S.C. § 1252. We review de novo ques-
tions of law, *Cerezo v. Mukasey,* 512 F.3d
1163, 1166 (9th Cir.2008), except to the
extent that deference is owed to the BIA's
determination of the governing statutes
and regulations, *Simeonov v. Ashcroft,* 371
F.3d 532, 535 (9th Cir.2004). We review
for substantial evidence factual findings.
*Zehatye v. Gonzales,* 453 F.3d 1182, 1184–
85 (9th Cir.2006). We deny the petition
for review.

We reject Quintanilla–Zelaya's claim
that he is eligible for asylum and withhold-
ing of removal based on past harm by
gangs and resistance to gang recruitment.
*See Santos–Lemus v. Mukasey,* 542 F.3d
738, 745–46 (9th Cir.2008) (rejecting as a
particular social group "young men in El
Salvador resisting gang violence"); *see Ra-
mos–Lopez v. Holder,* 563 F.3d 855, 862
(9th Cir.2009) (young Honduran men re-
sisting recruitment do not constitute a par-
ticular social group); *see Barrios v. Hold-
er,* 581 F.3d 849, 855 (9th Cir.2009) (refusal
to join a gang does not make petitioner
part of a particular social group). Sub-
stantial evidence also supports the agen-
cy's finding that Quintanilla–Zelaya failed
to establish a well-founded fear of future
persecution on account of a protected
ground. *See INS v. Elias–Zacarias,* 502
U.S. 478, 481 n. 1, 112 S.Ct. 812, 117
L.Ed.2d 38 (1992); *see Nagoulko v. INS,*
333 F.3d 1012, 1018 (9th Cir.2003). Ac-
cordingly, because Alvarez–Diaz failed to
demonstrate that he was persecuted or
fears persecution on account of a protected
ground, his asylum and withholding of re-
moval claims fail. *See Barrios,* 581 F.3d
at 856.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Finally, substantial evidence supports the agency's denial of Quintanilla–Zelaya's CAT claim because Quintanilla–Zelaya failed to demonstrate the police acquiesced in the gang's criminal actions against him and failed to show it is more likely than not that he will be tortured if he returns to El Salvador. *See Santos–Lemus,* 542 F.3d at 748. The record does not support Quintanilla–Zelaya's claim that the IJ and the BIA used the incorrect standard to evaluate his CAT claim.

**PETITION FOR REVIEW DENIED.**